UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG JOHN CHRISTESON,<br><br>Defendant. | 4:17-CV-04128-KES<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

Plaintiff, the United States of America (United States), brought this action against defendant, Craig John Christeson, for violation of the False Claims Act (31 U.S.C. § 3729-3733), common law fraud, unjust enrichment, payment by mistake, and breach of the fiduciary duty of loyalty. Docket 1. Plaintiff now moves for summary judgment. Docket 5.

**BACKGROUND**

The undisputed facts,[1] viewed in the light most favorable to the defendant, are as follows:

---

[1] The United States filed its statement of undisputed material facts. Defendant has not objected to the facts and the time for objections has passed. As a result, under D.S.D. Civ. LR 65.1(D), the movant's statement of material facts are deemed admitted.

From May 2000 through March 2015, Christeson was employed by the United States Postal Service (USPS). Docket 7 ¶ 1. From January 2010 until January 2014, Christeson was the postmaster in the Madison, South Dakota post office. *Id.* In January 2014, he became the postmaster in the DeSmet, South Dakota post office. *Id.*

The USPS sells postage meters to permit customers to print out their own postage. A spoiled postage meter strip occurs when an envelope is put through a postage meter, but the postage strip generated is not used. *Id.* ¶ 3. When this occurs, a customer may bring the spoiled postage meter strip to the post office and receive a credit or refund. *Id.* As postmaster, Christeson was in charge of verifying and issuing credit or refunds to customers for spoiled postage meter strips. *Id.* ¶ 2.

Between June 26, 2013, and March 27, 2015, Christeson used his role as postmaster to falsely certify that he had received spoiled postage meter strips from customers when he had not. *Id.* ¶ 4. Christeson would then print out a money order in the name of the customer, cash the money order at the post office, and keep the money for himself. *Id.* During this time period, at the Madison post office and DeSmet post office, Christeson falsely certified that he had received approximately sixty-one spoiled postage meter strips. *Id.* ¶ 5. Because of Christeson's actions verifying false claims for spoiled postage meter strip refunds, and issuing and cashing money orders, the USPS suffered damages totaling $8,970.71. *Id.* ¶ 10.

Christeson pleaded guilty to the criminal offense of Theft of Government Property (18 U.S.C. § 641) for knowingly submitting fraudulent claims for spoiled postage meter refunds to the USPS. *Id.* ¶ 11. He was sentenced to a term of probation and restitution was ordered payable to the USPS in the amount of $8,970.71. *Id.* This civil action was then commenced against Christeson. Docket 1.

Christeson has failed to file an answer to the complaint and is in default. The United States moved for summary judgment and Christeson failed to respond. The deadline for a response has passed.

## LEGAL STANDARD

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party can meet this burden by presenting evidence that there is no genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To avoid summary judgment, "[t]he nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.' " *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) (quoting *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995)).

Summary judgment is precluded if there is a dispute in facts that could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). For purposes of a summary judgment motion, the court views the

facts and the inferences drawn from such facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

## DISCUSSION

### I. False Claims Act

Under 31 U.S.C. § 3729(a)(1)(A), a person cannot knowingly present or cause to be presented "a false or fraudulent claim for payment or approval." To establish a prima facie case under 31 U.S.C. § 3729(a)(1), the government must prove "that (1) the defendant made a claim against the United States; (2) the claim was false or fraudulent; and (3) the defendant knew the claim was false or fraudulent." *U.S. ex rel. Quirk v. Madonna Towers, Inc.*, 278 F.3d 765, 767 (8th Cir. 2002). The False Claims Act (FCA) defines "knowingly" as: (1) having actual knowledge that the information was untrue, (2) acting in deliberate ignorance of the truth or falsity of the information, or (3) acting in reckless disregard of the truth or falsity of the information. 31 U.S.C. § 3729(b). Although " 'innocent mistakes and negligence are not offenses under the Act,' " the FCA does not require proof of specific intent to defraud the government. *Madonna Towers*, 278 F.3d at 767 (quoting *U.S. ex rel. Oliver v. Parsons Co.*, 195 F.3d 457, 464-65 (9th Cir. 1999)). "The requisite intent is the knowing presentation of what is known to be false. In short, the claim must be a lie." *Hindo v. Univ. of Health Sci./Chi. Med. Sch.*, 65 F.3d 608, 613 (7th Cir. 1995) (quotation and citation omitted). The Eighth Circuit Court of Appeals has also held that a guilty plea in a criminal case can serve as a basis for establishing

4

the essential elements of an FCA claim. *See United States v. Aleff*, 772 F.3d 508, 510 (8th Cir. 2014) (affirming a district court judgment where "[t]he district court found that [defendants'] guilty pleas established the essential elements of an FCA claim.").

Here, Christeson's guilty plea in his criminal case included admissions that establish the essential elements of an FCA cause of action. *United States v. Christeson*, 4:15-CR-40117, Docket 27. He admitted that he submitted certifications for spoiled postage meter strips to the USPS. He also admitted that these certifications were false. Finally, Christeson admitted that he made these false certifications with the knowledge that they were false. Because the government has proven all the elements necessary for an FCA cause of action, summary judgment is granted.

## II. Common Law Fraud

The South Dakota Supreme Court has explained that the essential elements of fraud are:

> [T]hat a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he [or she] did in fact rely on it and was induced thereby to act to his [or her] injury or damage.

*Stene v. State Farm Mut. Auto. Ins. Co.*, 583 N.W.2d 399, 404 (S.D. 1998) (alterations in original) (emphasis omitted) (quoting *Dahl v. Sittner*, 474 N.W.2d 897, 900 (S.D. 1991)).

5

Here, Christeson falsely certified that he had received spoiled postage meter strips from customers when he knew that he had not. Because Christeson committed these false certifications with the intent to receive money from the USPS, and the USPS relied on Christeson's false certifications in releasing money to Christeson, Christeson committed common law fraud. Therefore, summary judgment is granted.

## III. Unjust Enrichment

The South Dakota Supreme Court has explained that "[u]njust enrichment occurs 'when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying.'" *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003) (quoting *Parker v. W. Dakota Insurors, Inc.*, 605 N.W.2d 181, 187 (S.D. 2000)). To prevail on a claim of unjust enrichment, the government must show that (1) the defendant received a benefit; (2) the defendant was aware that he received a benefit; and (3) it is inequitable for defendant to retain the benefit without paying for it. *Id.* (citing *Action Mech., Inc. v. Deadwood Historic Pres. Comm'n*, 652 N.W.2d 742, 750 (S.D. 2002)).

The South Dakota Supreme Court has also stated that unjust enrichment is an equitable remedy. *Id.* "An essential element to equitable relief is the lack of an adequate remedy at law." *Rindal v. Sohler*, 658 N.W.2d 769, 772 (S.D. 2003). Because of the mandatory penalties specified by the FCA, the government has an adequate remedy at law. Therefore, the government's motion for summary judgment on its unjust enrichment claim is denied.

## IV. Payment by Mistake

The Eighth Circuit Court of Appeals has stated that "[w]here monies are erroneously paid by agents of the United States, whether the error be one of fact or of law, the Government may always recover the money improperly paid." *Stone v. United States*, 286 F.2d 56, 58-59 (8th Cir. 1961). Here, the USPS mistakenly believed the spoiled postage meter strips that Christeson certified actually existed. Because of this mistake in fact, the government is entitled to recover the money that was mistakenly paid to Christeson. Therefore, summary judgment is granted on this claim to the government.

## V. Breach of the Fiduciary Duty of Loyalty

In support of its claim that Christeson breached the fiduciary duty of loyalty, the government points to several sources under both South Dakota law and common law but does not explain how Christeson's conduct is applicable under either.

Under South Dakota law, the government cites to SDCL § 60-2-13, which states that "[a]n employee who has any business to transact on the employee's own account, similar to that entrusted to the employee by the employer, shall always give the employer the preference." The government then points to *Bushman v. Pure Plant Food International*, 330 N.W.2d 762 (S.D. 1983) to support the proposition that an employer may use SDCL § 60-2-13 to claim damages. *Bushman*, however, was a case involving employees breaching the fiduciary duty of loyalty by working to set up their own competing business while still acting as agents for their original employer. *Bushman*, 330 N.W.2d at

763-64. Neither *Bushman*, nor any other case addressing the statute, supports the notion that SDCL § 60-2-13 is applicable here, where the result was embezzlement by the employee, not the advancement of a competing business interest.

As for common law, the government rests its argument primarily on Restatement (Third) of Agency § 8.01 (Am. Law Inst. 2006), which merely states that "an agent has a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship." The government then claims that embezzlement of an employer's funds is a classic example of a breach of fiduciary duty without identifying a single case or authority of any kind to support the proposition.

In summary, there is no support for the proposition that defendant's conduct implicates the common law fiduciary duty of loyalty as alleged by the government. Therefore, the government's motion for summary judgment on its breach of the fiduciary duty of loyalty claim is denied.

## VI.  Damages

The government seeks damages based on its FCA cause of action. Under 31 U.S.C. § 3729(a)(1), a defendant found in violation of the statute "is liable to the United States Government for a civil penalty of not less than $5,500 and not more than $11,000 . . . plus 3 times the amount of damages which the government sustains because of the act of that person." The Eighth Circuit Court of Appeals has also stated that "the measure of the government's damages would be the amount that it paid out by reason of the false

statements over and above what it would have paid if the claims had been truthful." *United States v. Coop. Grain & Supply Co.*, 476 F.2d 47, 63 (8th Cir. 1973). "The civil penalty is determined by counting '[e]ach individual false claim or statement . . . .' " *United States v. Munoz-Escalante*, 5:14-CV-5085-KES, 2015 WL 6158021, at *4 (D.S.D. Oct. 20, 2015) (quoting *United States ex rel. Schwedt v. Planning Research Corp.*, 59 F.3d 196, 199 (D.C. Cir. 1995)).

Under the FCA, Christeson is liable for $353,441.42. The USPS suffered $8,970.71 in damages based on the sixty-one false refund claims certified by Christeson. Under 31 U.S.C. § 3729(a)(1), the court must triple that figure to $26,912.13. As for civil penalties, the court must determine "the number of false claims for which [the] statutory penalty should be assessed . . . ." *Hays v. Hoffman*, 325 F.3d 982, 992-93 (8th Cir. 2003). Christeson falsely certified spoiled postage meter strips sixty-one times. *See United States v. Christeson*, 4:15-CR-40117, Docket 27. Thus, Christeson submitted sixty-one "false claims" to the government. The government seeks the minimum penalty amount of $5,500 for each false claim. As such, Christeson is liable to the United States for $335,500 (61 X 5,500) under the FCA.

When the court sentenced Christeson in his criminal case, it ordered him to pay $8,970.71 in restitution to the USPS. The court's damage award in this case must take that into account. *See United States v. Thompson*, No. CV 15-5060-JLV, 2017 WL 3738500, at *6 (D.S.D. Aug. 30, 2017); *Munoz-Escalante*, 2015 WL 6158021, at *4. Under 31 U.S.C. § 3729, the proper damage award is the treble damage figure plus the civil penalties less the amount paid, or to be

paid, in restitution to the USPS ($26,912.13 + $335,500 - $8,970.71 = $353,411.42). *See United States v. Karron*, 750 F. Supp. 2d 480, 493 (S.D.N.Y. 2011). Thus, Christeson must pay the government $353,441.42 under the FCA.

**VII. Excessive Fines Clause**

The Eighth Circuit Court of Appeals has held that the FCA treble damages in combination with per-claim penalties are punitive for the purposes of the Eighth Amendment's Excessive Fines Clause. *Aleff*, 772 F.3d at 512. "A punitive sanction violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Id.* (quoting *United States v. Moyer*, 313 F.3d 1082, 1086 (8th Cir. 2002)) (internal quotation omitted). Proportionality is determined by a variety of factors, including the reprehensibility of the defendant's conduct, the relationship between the penalty and the harm to the victim, and legislative intent. *Id.* (citing *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 435 (2001); *Qwest Corp. v. Minn. Pub. Util. Comm'n*, 427 F.3d 1061, 1069 (8th Cir. 2005)).

The judgment here is not grossly disproportional. In *Aleff*, the court held that an FCA damage award was not grossly disproportional even though the defendants only caused economic loss and the FCA judgment was about 4.3 times the actual damages. *Id.* The court found that there was no violation of the Excessive Fines Clause because the defendants' fraud lasted for six years and the judgment was within the FCA's statutory limits. *Id.* Like in *Aleff*, Christeson's intentional fraud lasted multiple years and the judgment sought is

within the FCA's statutory limits. In fact, the civil penalty amount ($335,000) is based on the minimum penalty contemplated by the statute.

Although the judgment in this case is approximately thirty-nine times the actual damages suffered by the USPS, the Eighth Circuit has not identified a threshold ratio that violates the Excessive Fines Clause. In *United States ex rel. Smith v. Gilbert Realty Co., Inc.*, one of the few cases where a court invalidated a mandatory FCA civil penalty as unconstitutionally excessive, the district court found a judgment that was approximately 178 times larger than the actual damages suffered to be a violation of the Excessive Fines Clause. 840 F. Supp. 71, 74 (E.D. Mich. 1993). The district court did not, however, comment on what ratio would be acceptable. *Id.* Moreover, the court remedied the constitutional violation by looking to the nature of defendant's conduct and concluding that only instances of intentional fraudulent conduct would be counted for purposes of the per-violation civil penalty. *Id.* at 74. In the present case, each of Christeson's sixty-one violations was an instance of intentional misconduct. Thus, the FCA penalty assessed against Christeson is not excessive.

## VIII. Conclusion

No questions of fact remain on the issue of whether Christeson violated the False Claims Act, committed common law fraud, or was mistakenly paid by the USPS, so summary judgment is granted in favor of the government on counts one, two, and four of the government's complaint. Because a claim for unjust enrichment is prohibited in this case, summary judgment is denied on

count three. Defendant's conduct did not violate the fiduciary duty of loyalty, so summary judgment is denied in favor of the government on count five. Thus, it is

ORDERED that plaintiff's motion for summary judgment (Docket 5) is granted in part and denied in part.

DATED June 11, 2018.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE